UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL RUSS OXLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPUTY SAMUEL JONES, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00510 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, who appears to be a pretrial detainee currently confined at the West County Detention Facility, filed a civil rights complaint under 42 U.S.C. § 1983 against officers of the Contra Costa County Sheriff's Department. Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. Dkt. No. 4.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.**  **Plaintiff's Claims**

Plaintiff claims that on July 7, 2022, he was detained by Deputies Samuel Jones and Daniel Husted. Dkt. No. 1 at 2. Plaintiff claims that Deputy Husted handcuffed him too tightly. *Id.* Plaintiff asked Deputy Husted to loosen the handcuffs but was ignored. *Id.* at 3. Plaintiff repeated his request to Deputy Jones and Deputy Zachary Williams; neither responded. *Id.* Plaintiff claims that the handcuffs cut off the circulation and cut into his wrists during the transport from Rodeo to Martinez, California. *Id.* When the handcuffs were removed several hours later, Plaintiff requested medical attention from Detective Gianopaulos Andreas; Plaintiff's hands were shaking and swollen. *Id.* Detective Andreas saw Plaintiff's hands, and told him that someone would see him. *Id.* However, Plaintiff did not receive any medical care that day. *Id.* Plaintiff claims that months later, a neurologist diagnosed him with "nerve damage and numbness," among other conditions, resulting from the overly tight handcuffs; Plaintiff was told to continue wearing wrist splints and possible referral for surgery. *Id.* at 4. Plaintiff seeks damages. *Id.* at 3.

Liberally construed, Plaintiff's allegations regarding unnecessarily tight handcuffs are sufficient to state a claim of excessive force under the Fourth Amendment against Defendants Jones, Husted, and Williams. *See LaLonde v. County of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000). Plaintiff's claim that he did not receive medical care for his overly tight handcuffs implicates his due process right against Defendant Andreas, for proper medical screening to ensure medically appropriate protocol is initiated. *See Gordon*

2

*v. Orange County*, 6 F.4th 961, 971 (9th Cir. 2021).

Although the docket includes "Contra Costa County Sheriff Department" and "Contra Costa County Sheriff" as defendants in this action, this appears to be in error. Plaintiff does not list them as defendants in his list of parties, *see* Dkt. No. 2 at II.B, nor does he include any specific allegations against them. Accordingly, these two parties shall be terminated from this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, Dkt. No. 1, all attachments thereto, and a copy of this order upon **Defendants Deputy Samuel Jones, Deputy Daniel Husted, Deputy Zachary Williams, and Detective Gianopoulos Andreas** at the **Contra Costa County Office of the Sheriff (1850 Muir Road, Martinez, CA 94553).** The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate "Contra Costa County Sheriff Department" and "Contra Costa County Sheriff" as defendants in this action.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer

3

time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

      3.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

      a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

      b.      **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

      4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to

4

Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: \_\_\_\_June 28, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.23\00510Oxley_svc