UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL RUSS OXLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPUTY SAMUEL JONES, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-00510 BLF (PR)<br><br>**ORDER GRANTING MOTION TO CONTINUE MOTION FOR SUMMARY JUDGMENT BRIEFING SCHEDULE; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 33, 30) |

　　　　Plaintiff, who appears to be a pretrial detainee currently confined at the West County Detention Facility, filed a civil rights complaint under 42 U.S.C. § 1983 against officers of the Contra Costa County Sheriff's Department. Dkt. No. 1. The Court found the complaint stated cognizable claims and ordered service on Defendants who were directed to file a dispositive motion. Dkt. No. 27.

　　　　Defendants have filed a motion to continue the deadline to file a motion for summary judgment. Dkt. No. 30. Good cause appearing, the motion is **GRANTED**. Defendants shall file a motion for summary judgment or other dispositive motion no later than December 1, 2023. Briefing shall proceed thereafter in accordance with the Court's briefing schedule. *See* Dkt. No. 27.

　　　　Plaintiff has filed a motion for appointment of counsel based on indigency, the

complexity of the issues, limited access to the law library, and limited knowledge of the law. Dkt. No. 33. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, Plaintiff's grounds are not exceptional among prisoner-plaintiffs nor are the issues complex. Accordingly, the motion is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

This order terminates Docket Nos. 30 and 33.

**IT IS SO ORDERED.**

Dated:  __September 5, 2023_____

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order Granting EOT-MSJ; Denying Appt. of Counsel
PRO-SE\BLF\CR.23\00510Oxley_deny-atty&eot-MSJ

2